**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3751-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES L. DOTTS, III, a/k/a
JAMES DOTTS,

    Defendant-Appellant.

_____

Submitted May 13, 2026 – Decided June 17, 2026

Before Judge Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-03-0358.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jack L. Weinberg, Designated Counsel, on the briefs).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Taylor G. Lopa, of counsel and on the brief).

PER CURIAM

Defendant, James L. Dotts, III, appeals from a June 26, 2024 order denying his petition for post-conviction relief (PCR), arguing the trial court erred in failing to provide him with an evidentiary hearing. We affirm for the reasons expressed in the well-reasoned, nineteen-page, written opinion of the Honorable Michael A. Guadagno.

I.

We need not recount the factual details, well-known to these parties. Instead, we incorporate by reference the facts set forth in Judge Guadagno's opinion, which borrows largely from our opinion on direct appeal. See State v. Dotts, Nos. A-4830-18, A-4831-18 (App. Div. Sept. 1, 2022) (slip op. at 3-20).

James L. Dotts III was charged, along with co-defendants Jason A. Dotts III and Ramel Kirkpatrick, with: second-degree robbery in violation of N.J.S.A. 2C:15-1 (count one); second-degree aggravated assault in violation of N.J.S.A. 2C:12-1b(1) (count two); and second-degree conspiracy in violation of N.J.S.A. 2C:5-2 (count three). James and Jason were tried together.

Defendant's first trial resulted in a hung jury. After the second jury trial, the jury returned a finding of not guilty on the robbery charge. The jury returned guilty verdicts on the lesser included crime of theft from the person, aggravated assault causing or attempting to cause serious bodily injury, and conspiracy to

commit the crime of robbery. The jury returned similar verdicts against co-defendant Jason.

On May 31, 2019, the trial court granted the State's motion to have defendant sentenced to a discretionary extended-term of imprisonment pursuant to N.J.S.A. 2C:44-3(a). The court sentenced defendant under count two to fifteen years imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA). It sentenced defendant to a term of seven years of imprisonment on count three, concurrent to the sentence under count two. Regarding the lesser included offense of third-degree theft from the person, the court imposed a flat sentence of four years imprisonment, also to run concurrently.

We affirmed defendant's convictions, and the Supreme Court denied defendant's petition for certification.

Defendant submitted a timely pro se PCR petition, which was denied.

This appeal followed. Defendant contends:

> POINT I: THE PCR COURT ERRED WHEN IT DENIED THE DEFENDANT AN EVIDENTIARY HEARING. THE COURT DID NOT HAVE A BASIS IN THE RECORD TO SUPPORT ITS CONCLUSIONS FOR DENYING AN EVIDENTIARY HEARING. THE RECORD SUPPORTS THE CONCLUSION THAT A PRIMA FACIE CASE HAS BEEN ESTABLISHED JUSTIFYING AN EVIDENTIARY HEARING[.]

A-3751-23

POINT II: THE COURT MUST REMAND THIS MATTER TO THE TRIAL COURT FOR RESENTENCING PURSUANT TO THE DECISIONS IN ERLINGER, CARLTON AND ELLISION, INFRA. THE DEFENDANT HAS CONSISTENTLY CHALLENGED HIS SENTENCE JUSTIFYING THE APPLICATION OF PIPELINE RETROACTIVITY ON HIS POST-CONVICTION RELIEF PETITION.

We reject these contentions and affirm.

II.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

Pursuant to Strickland, defendant fails to satisfy his burden to show trial counsel's performance was deficient or he suffered prejudice. We agree with Judge Guadagno that counsel's decision to not use the statement that witness Hessian gave to Investigator Mendez was a strategic one. Defense counsel's effective assistance is evident from the record. As the judge noted:

4

[D]efendant's counsel cross-examined [Hessian] extensively and effectively, eliciting that the [victim] did not know who assaulted him. When counsel confronted Hessian with a statement he gave to police, she was able to elicit that defendant and his brother had been in his apartment before and had never threatened or been violent with [the victim]. Counsel's decision not to confront Mr. Hessian with the statement he gave to Investigator Mendez was based on her assumption that her co-counsel would use the statement during his cross-examination. The fact that her co-counsel also chose not to utilize the statement does not support the claim that she rendered ineffective assistance in not initially utilizing the statement. Counsel had to be sensitive that her continued cross examination of an elderly, disabled, military veteran, that went on for sixteen pages of transcript, could engender sympathy from the jury. Her decision not to utilize the Mendez statement which would have extended that cross-examination, was sound trial strategy and generally cannot be second-guessed by this court in a PCR proceeding. State v. Gary[,] 229 N.J. Super. 102, 116 (App. Div. 1988). To the contrary, trial counsel's effective cross examination of Hessian combined with her informed strategic decision not to utilize the Mendez statement, demands this court's heightened deference, and is "virtually unchallengeable." Strickland, 466 U.S. at 690-91.

Because defense counsel was able to, and effectively did, cross-examine Hessian, defendant cannot demonstrate ineffective assistance or prejudice.

We also note, as did the trial court, on direct appeal we rejected defendant's argument that the trial court erred in not permitting Hessian to be questioned regarding the Mendez statement and not allowing Mendez to testify.

5

A defendant may not use a PCR petition to relitigate the same issues already addressed on direct appeal. State v. Wildgoose, 479 N.J. Super. 331, 344 (App. Div. 2024).

Even if unable to obtain immediate relief, a defendant may seek to show an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). However, the PCR court should grant an evidentiary hearing only where: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013). Because defendant did not demonstrate a prima facie showing of ineffective assistance of counsel, Judge Guadagno properly denied defendant an evidentiary hearing. The judge's findings are sound, and his legal conclusions are correct.

Finally, for the first time on appeal, defendant raises the issue of the application of a discretionary, extended-term of imprisonment pursuant to N.J.S.A. 2C:44-3(a), in light of subsequent rulings in Erlinger v. United States, 602 U.S. 821 (2024), State v. Carlton, 480 N.J. Super. 311 (App. Div. 2024),

rev'd, 262 N.J. 629 (2026), and State v. Ellison, 482 N.J. Super. 357 (App. Div. 2025).  Because this issue was not raised to the PCR court, it is not properly before us, and we decline to address it.  See State v. Witt, 223 N.J. 409, 419 (2015).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3751-23